| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br><br>Maureen P. Steady, Esquire (MS-6186)<br>**KURTZMAN | STEADY, LLC**<br>2 Kings Highway West, Suite 102<br>Haddonfield, NJ  08033<br>steady@kurtzmansteady.com<br>Telephone: (856) 428-1060<br><br>Proposed Counsel to the Debtor<br>and Debtor in Possession |

| | |
|---|---|
| In re:<br><br>ALUMINUM SHAPES, L.L.C.,<br><br>                       Debtor. | Chapter 11<br><br>Case No. 21-16520-JNP |
| ALUMINUM SHAPES, L.L.C.,<br><br>                       Plaintiff,<br><br>   v.<br><br>UGI ENERGY SERVICES, LLC,<br><br>                       Defendant. | ADVERSARY NO.<br><br><br><br>**COMPLAINT** |

Aluminum Shapes, L.L.C. (the "Debtor" or the "Plaintiff"), by and through its counsel, Kurtzman | Steady, LLC, hereby complains of the Defendant and Creditor, UGI Energy Services, LLC ("UGI" or the "Defendant" or the "Creditor") as follows:

**PRELIMINARY STATEMENT**

1. This adversary proceeding is commenced by the Debtor, pursuant to §§ 502, 506, and 544, title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 7001(2) and (8) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules").

2. This instant adversary proceeding arises from UGI's failure to properly levy upon a judgment it obtained in the Superior Court of New Jersey, Special Civil Part, Camden County.

3. UGI's failure to properly levy renders the lien created by that judgment avoidable pursuant to sections 502, 506, and 544 of the Bankruptcy Code.

4. Accordingly, Debtor requests avoidance of the lien, a determination that UGI's claim is unsecured, and related relief.

## I.  PARTIES

5. The Debtor, Aluminum Shapes, L.L.C., is a limited liability company doing business in New Jersey, with an address at 9000 River Road, Delair, New Jersey 08110.

6. Upon information and belief, UGI is a limited liability company doing business in New Jersey, with an address at 835 Knitting Mills Way, Wyomissing, PA 19610.

## II.  JURISDICTION AND VENUE

7. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b) and (e). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F), (H), (K) and (O).

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1334, and Sections 502, 506, and 544 of the Bankruptcy Code.

9. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

10. This adversary proceeding is initiated under Bankruptcy Rule 7001(2) and (8) for avoidance and recovery, determination of secured status, bifurcation, and related relief pursuant to 11 U.S.C. §§ 502, 506, and 544.

11. The Debtor consents to the entry of a final order by this Court in the event that, absent such consent, this Court does not possess the authority to enter a final order pursuant to Article III of the Constitution.

### III.  BACKGROUND

**The Debtor's Business and Bankruptcy**

12. The Debtor is an industry leader in the fabrication, processing, and extruding of aluminum metals for use in, *inter alia*, the swimming pool, trucking, trailer, and outdoor storage industries (the "Business"). See First Day Declaration of Jordan Meyers if Support of First Day Motions. (Bkr. DI #17).

13. The Debtor owns and operates a single location at 9000 River Road, Delair, New Jersey, consisting of approximately 500,000 square feet of industrial space, including a cast house, foundry, and processing area (the "Real Property"). Id.

14. The Debtor also owns machinery, fixtures, and equipment, including a valuable cast house and foundry furnace, several presses, and processing equipment. Id.

15. On June 18, 2021, the Debtor engaged Cowen and Company, LLC ("Cowen") as investment banker to explore a sale of the Debtor's Business or Assets (as defined below).

16. Based on market feedback, the Debtor, in consultation with its advisors, determined that a continued operation of Debtor's business was not viable or achievable under the current financial circumstances, and the Debtor decided to sell the Debtor's business or assets (the "Assets").

17. On August 15, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the District of New Jersey, Camden Vicinage (the "Bankruptcy Court").

18. The Debtor continues to operate its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtor is the Plaintiff in the instant adversary proceeding.

19. No request has been made for the appointment of a trustee or examiner.

20. An Official Committee of Unsecured Creditors has been appointed in this case.

21. The Debtor has employed professionals to market and sell the Assets pursuant to a motion to sell, which sale will establish the fair market value of the Assets and the allocation of that value between specific Assets.

22. All of the Debtor's Assets are subject to the liens of the Debtor's debtor in possession lender, Tiger Finance, LLC.

23. The Debtor's Assets will be sold pursuant to the outcome of an auction conducted on October 25, 2021.

24. The instant proceeding is intended to *inter alia* recover transfers to UGI, determine secured status of UGI's claims, bifurcate claims, and determine the allowance of UGI's claims, if any.

## The Creditor's Claims

25. Upon information and belief, UGI is an energy marketing company organized and existing under the laws of the State of Pennsylvania.

26. Beginning in November of 2018, the Debtor contracted UGI to provide gas to it between January of 2019 and April of 2020.

27. The Debtor did not pay for those gas services.

28. On February 19, 2020, UGI initiated a collections action in the Superior Court of New Jersey, Special Civil Part, Camden County, docketed at CAM-L-000671-20 for all sums

alleged to be due owing on the underlying debt (the "Pre-Petition Action").

29.   On February 10, 2021, a judgment was entered in the Pre-Petition Action in favor of UGI and against the Debtor in the amount of $395,345.43 (the "Judgment").

30.   Pursuant to New Jersey law, the Judgment automatically became a lien against all real property in the State of New Jersey currently owned or thereafter acquired by the Debtor (the "Lien" and together with the Judgment, the "Claim").

31.   UGI failed to take any steps to execute upon or otherwise perfect the Judgment and the Lien. A true and correct copy of the docket for the Pre-Petition Action is attached as **Exhibit "A"** hereto.

32.   UGI filed a proof of claim on August 25, 2021 against the Debtor's Bankruptcy estate alleging a secured claim of $354,233.80 secured solely by real property (the "POC"). (Claim No. 9).

## FIRST COUNT

## AVOIDANCE OF THE LIEN UNDER 11 U.S.C. §544

33.   The Debtor incorporates by reference the foregoing paragraphs as if set forth fully herein and at length.

34.   Pursuant to 11 U.S.C. §544(a) the Debtor, as debtor in possession, stands in the shoes of a hypothetical lien creditor who obtains an execution against the Debtor that is returned unsatisfied on the Petition Date.

35.   Under New Jersey law, a creditor holding an unexecuted levy occupies a lower priority on real property than a creditor who has already executed upon its lien, even if such execution remains unsatisfied.

36. Although real property is subject to execution and levy, neither execution nor levy are automatic upon the entry of a judgment, and require additional affirmative acts for any lien to become perfected. N.J.S.A. §2A:17-17.

37. A writ of execution is not binding until it is delivered to the sheriff of the appropriate county. See N.J.S.A. § 2A:17-10.

38. UGI has not taken any steps to execute upon or otherwise perfect the Judgment and the Lien. See **Exhibit "A"** attached hereto.

39. UGI has failed to execute and levy upon the Judgment and Lien.

40. As a result of UGI's failure to levy upon the Judgment and the Lien, the Lien is lesser in priority to a creditor in the shoes of a lien creditor with superior priority.

41. Pursuant to 11 U.S.C. §544(a)(1), (2), (3), the Debtor is vested with the power of an unsatisfied judgment holder and may avoid the Lien.

42. The Lien is an unperfected secured claim, and therefore, is avoidable.

**WHEREFORE**, the Debtor respectfully requests this Court enter judgment in its favor and against UGI, avoiding the Lien and providing such other and further relief as the Court deems just and equitable.

## SECOND COUNT

### OBJECTION TO PROOF OF CLAIM UNDER 11 U.S.C. §502(d)

43. The Debtor incorporates by reference the foregoing paragraphs as if set forth fully herein and at length.

44. The Court "shall disallow any claim of any entity… that is a transferee of a transfer avoidable under [section 544 of Bankruptcy Code]…" 11 U.S.C §502(d).

45. UGI filed the POC in the Debtor's chapter 11 case based upon the Claim.

46. UGI is the recipient of an avoidable transfer, the Judgment and the Lien are avoidable pursuant to Section 544(a) of the Bankruptcy Code.

47. The POC must be disallowed under section 502(d), as UGI has not returned the avoidable transfer.

**WHEREFORE**, the Debtor respectfully requests that the Court enter a judgment in its favor and against UGI, disallowing the POC and providing such further relief as is just and equitable.

## THIRD COUNT

### DETERMINATION OF SECURED CLAIM AND BIFURCATION OF CLAIM UNDER 11 U.S.C. §506(a)(1)

48. The Debtor incorporates by reference the foregoing paragraphs as if set forth fully herein and at length.

49. "An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest." 11 U.S.C §506(a)(1).

50. The Debtor seeks a determination that Claim is unsecured to the extent it exceeds the value of the collateral.

**WHEREFORE**, the Debtor respectfully requests that the Court enter a judgment its favor and against UGI, bifurcating the Claim into secured and unsecured portions, and providing such further relief as is just and equitable.

## FOURTH COUNT

### LIEN STRIP OF UNSECURED CLAIM UNDER 11 U.S.C. §506(d)

51. The Debtor incorporates by reference the foregoing paragraphs as if set forth fully herein and at length.

52. Pursuant to 11 U.S.C. §506(d)(1), "to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void."

53. To the extent the Claim is determined to be unsecured, this Court must enter a judgment voiding the Lien.

**WHEREFORE**, the Debtor respectfully requests that the Court enter a judgment its favor and against UGI, voiding the Lien to the extent the Lien exceeds the value of the allowed secured claim and providing such other relief as is just and equitable.

Dated: November 9, 2021                    **KURTZMAN | STEADY, LLC**

By: */s/ Maureen P. Steady*
Maureen P. Steady, Esquire
2 Kings Highway West, Suite 102
Haddonfield, NJ  08033
Telephone: (856) 428-1060
Facsimile: (609) 482-8011
Email: steady@kurtzmansteady.com

*Proposed Counsel to Chapter 11 Debtor*
*Aluminum Shapes, L.L.C.*