Raymond M. Patella (Id No. 02215-1996)
Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C.
505 Morris Avenue
Springfield, NJ 07081
Phone: 973-379-4200
Fax: 973-379-7872
Email: rpatella@lawjw.com
Attorneys for UGI Energy Services LLC

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:<br>ALUMINUM SHAPES, LLC<br><br>Debtor. | Chapter 11<br><br>Bankruptcy Case No. 21-16520-JNP |
| ALUMINUM SHAPES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>UGI ENERGY SERVICES, LLC,<br><br>Defendant. | Adv. Pro. No.  21-1472-JNP |

## <u>ANSWER OF UGI ENERGY SERVICES, LLC</u>

UGI Energy Services, LLC (the "Defendant"), by its undersigned attorneys,

answers the allegations contained in the Complaint (the "Complaint") filed by

Aluminum Shapes, LLC (the "Plaintiff") as follows:

## PRELIMINARY STATEMENT

1.      Paragraph 1 contains a legal conclusion to which no response is required.

To the extent a response is required, the Defendant denies the allegations.

2.      Defendant denies that its actions gave rise to any claim for relief in

Plaintiff and thus denies the allegations in paragraph 2.

3.      The allegations of paragraph 3 are denied.

4.      Paragraph 4 is a prayer for relief premised on legal conclusions, to which

no response is required.    To the extent a response is required, the Defendant

denies that relief is appropriate.

### I.  PARTIES

5.      The Defendant is without information or belief to admit or deny the

allegations in Paragraph 5 and thus denies the allegations.

6.      Paragraph 6 is admitted.

### II. JURISDICTION AND VENUE

7.      Paragraph 7 contains a legal conclusion to which no response is required.

To the extent a response is required, the Defendant denies the allegations.

8.      Paragraph 8 contains a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations.

9.      Paragraph 9 contains a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations.

10.      Paragraph 10 contains a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations.

11.      Paragraph 11 contains a legal conclusion to which no response is required. To the extent a response is required, the Defendant consents to entry of a final order by this Court in the event that this Court does not possess the authority to enter a final order pursuant to Article III of the Constitution.

### III.  BACKGROUND
### The Debtor's Business and Bankruptcy

12.      The Defendant is without information or belief to admit or deny the allegations in Paragraph 12.  To the extent a response is required, the Defendant denies the allegations.

13.      The Defendant is without information or belief to admit or deny the allegations in Paragraph 13.  To the extent a response is required, the Defendant denies the allegations.

14.      The Defendant is without information or belief to admit or deny the allegations in Paragraph 14.  To the extent a response is required, the Defendant denies the allegations.

15.    The Defendant is without information or belief to admit or deny the allegations in Paragraph 15.  To the extent a response is required, the Defendant denies the allegations.

16.    The Defendant is without information or belief to admit or deny the allegations in Paragraph 16.  To the extent a response is required, the Defendant denies the allegations.

17.    The Defendant admits that the Plaintiff filed a petition in this Court and presumes this Court's docket accurately reflects the petition date and other aspects of the filing.

18.    The Defendant is without information or belief to admit or deny the allegations in Paragraph 18, except that it admits the Debtor is the Plaintiff.  To the extent a response is required, the Defendant denies the allegations.

19.    The Defendant is without information or belief to admit or deny the allegations in Paragraph 19.  To the extent a response is required, the Defendant denies the allegations.

20.    The allegations of Paragraph 20 are admitted.

21.    The Defendant is without information or belief to admit or deny the allegations in Paragraph 21.  To the extent a response is required, the Defendant denies the allegations.

22.     The Defendant is without information or belief to admit or deny the allegations in Paragraph 22.  To the extent a response is required, the Defendant denies the allegations.

23.     The Defendant is without information or belief to admit or deny the allegations in Paragraph 23.  To the extent a response is required, the Defendant denies the allegations.

24.     The Defendant is without information or believe as to the Plaintiff's intentions in bringing this Action and this denies the allegations in paragraph 24.

## The Creditor's Claims

25.     The allegations of paragraph 25 are admitted.

26.     The allegations of paragraph 26 are admitted.

27.     The allegations of paragraph 27 are admitted.

28.     The allegations of Paragraph 28 are denied as stated.    Specifically, Defendant asserts that all amounts are due and owing from Plaintiff.

29.     The allegations of paragraph 29 are admitted.

30.     The allegations of paragraph 30 are admitted.

31.     The allegations of Paragraph 31 are denied as stated.

32.     The allegations of paragraph 32 are admitted.

## FIRST COUNT
## AVOIDANCE OF THE LIEN UNDER 11 USC SECTION 544

33.     The Defendant incorporates its answers to the foregoing paragraphs as if fully set forth herein.

34.     Paragraph 34 contains a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations.

35.     Paragraph 35 contains a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations.

36.     Paragraph 36 contains a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations.

37.     Paragraph 37 contains a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations.

38.     Defendant denies the allegations of paragraph 38.

39.     Defendant denies the allegations of paragraph 39.

40.     Defendant denies the allegations of paragraph 40.

41.     Paragraph 41 contains a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations.

42.     Paragraph 42 contains a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations.

WHEREFORE, Defendant requests that this Court dismiss the Complaint and for such other relief as this Court deems just and proper.

## SECOND COUNT
## OBJECTION TO PROOF OF CLAIM UNDER 11 U.S.C. SECTION 502(D)

43.     The Defendant incorporates its answers to the foregoing paragraphs as if fully set forth herein.

44.     Paragraph 44 contains a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations.

45.     Defendant admits the allegations of paragraph 45.

46.     Paragraph 46 contains a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations.

47.     Paragraph 47 contains a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations.

WHEREFORE, Defendant requests that this Court dismiss the Complaint and for such other relief as this Court deems just and proper.

## THIRD COUNT
## DETERMINATION OF SECURED CLAIM AND BIFURCATION OF CLAIM
## UNDER 11 U.S.C. SECTION 506(A)(1)

48.     The Defendant incorporates its answers to the foregoing paragraphs as if fully set forth herein.

49.     Paragraph 49 contains a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations.

50.     Paragraph 50 contains a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations.

WHEREFORE, Defendant requests that this Court dismiss the Complaint and for such other relief as this Court deems just and proper.

### FOURTH COUNT
### LIEN STRIP OF UNSECURED CLAIM UNDER 11 U.S.C. SECTION 506(D)

51.    The Defendant incorporates its answers to the foregoing paragraphs as if fully set forth herein.

52.    Paragraph 52 contains a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations.

53.    Paragraph 53 contains a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations.

WHEREFORE, Defendant requests that this Court dismiss the Complaint and for such other relief as this Court deems just and proper.

### AFFIRMATIVE DEFENSES

The Defendant hereby asserts the following defenses to the Plaintiff's Complaint.

### FIRST DEFENSE: UNCLEAN HANDS

The claims of the Plaintiff, in whole or in part, are barred by the doctrine of unclean hands.

### SECOND DEFENSE: ACCORD AND SATISFACTION

The claims of the Plaintiff, in whole or in part, are subject to the doctrine of accord and satisfaction, and each such claim is, therefore, barred.

## THIRD DEFENSE: FAILURE TO STATE A CLAIM

The Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE: LACHES

The Complaint is barred under the doctrine of laches.

## FIFTH DEFENSE: ESTOPPEL

The Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## SIXTH DEFENSE: WAIVER

The Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## SEVENTH DEFENSE: FORWARD CONTRACT

The Plaintiff's claims are barred by Section 546(e) of the Bankruptcy Code. Specifically, the claims are barred because notwithstanding sections 544, 545, 547, 548(a)(1)(B), and 548(b) of this title, the trustee may not avoid a transfer that is a margin payment, as defined in section 101, 741, or 761, or settlement payment, as defined in section 101 or 741 of this title, made by or to (or for the benefit of) a commodity broker, forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency, or that is a transfer made by or to (or for the benefit of) a commodity broker, forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency, in connection with a securities contract, as defined in section 741(7), commodity contract, as defined in section 761(4), or forward contract, that is made before the commencement of the case.

**WHEREFORE**, the Defendant respectfully requests that this Court dismiss the

Complaint in its entirety and grant the Defendant such other relief as the court deems is

just and proper.


Dated: January 11, 2022                          _/s/Raymond M. Patella_
                                                 Raymond M. Patella
                                                 Javerbaum Wurgaft Hicks Kahn Wikstrom
                                                 & Sinins, P.C.
                                                 505 Morris Avenue
                                                 Springfield, NJ 07081
                                                 Phone: 973-379-4200
                                                 Fax: 973-379-7872
                                                 Email: rpatella@lawjw.com
                                                 Attorneys for UGI Energy Services, LLC